# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD MOORE, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 19-cv-162-SMY<br>)<br>) |
| JACQUELINE LASHBROOK,<br>JOHN BALDWIN,<br>and FRANK LAWRENCE, | )<br>)<br>)<br>) |
| Defendants. | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Edward Moore, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he is being subjected to unconstitutional conditions of confinement in the North 2 cellhouse in violation of the Eighth Amendment. He seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## **The Complaint**

Plaintiff makes the following allegations in his Complaint (Doc. 1): On March 16, 2018, Plaintiff was moved to the North 2 cellhouse where he currently resides (*Id*. at p. 7). Plaintiff believes this transfer was a form of punishment for complaining and filing grievances about his cellmates. (*Id*. at p. 7). He was warned by a correctional officer that he would be transferred to a new cellhouse if he kept complaining. (*Id*.). In North 2, inmates are double-celled although the cell is not big enough for even one person. (*Id*. at p. 8). The cells have less than 20 square feet of unencumbered space. (*Id*. at p. 15). As a result of the limited floor space, Plaintiff is unable to exercise, which exacerbates his arthritis. (*Id*. at pp. 8 and 12). Plaintiff remains in his cell for almost twenty-four hours a day, seven days a week. (*Id*. at p. 8). He spoke with Warden Lashbrook, wrote grievances, and wrote Lashbrook a letter asking to be moved to a bigger cell, but she would not move him. (*Id.* at pp. 8, 16, and 31). He also wrote a letter to John Baldwin about the conditions of his cell, but the letter was ignored. (*Id*. at pp. 12, 33).

Plaintiff also experienced unconstitutional conditions in the North 2 denying hall. Randolph Hall (the dining hall) is a dirty and unsanitary environment. (Doc. 1, p. 9). It also serves as the gym, a personal property storage area, and an open rest room with toilets. (*Id*.). The hall has trash on the floor, dirty boxes of personal property, and spider webs. (*Id*. at pp. 17-18). The toilets are out in the open. (*Id*. at p. 18). The trays of food are open on a steam table that is dirty with old food. (*Id*.). There are also roaches around the steam table and food. (*Id*.). When Plaintiff informed Lashbrook of the conditions in Randolph Hall, she told him she was not in charge of the area and that he should talk to the food supervisor. (*Id*.).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** Jacqueline Lashbrook, John Baldwin, and Frank Lawrence were deliberately indifferent under the Eighth Amendment to Plaintiff's conditions of confinement in the North 2 cellhouse.
>
> **Count 2:** Defendants retaliated against Plaintiff for filing grievances, in violation of the First Amendment, by transferring him to the North 2 cellhouse.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

### Discussion

### Count 1

Plaintiff states a colorable claim against Lashbrook and Baldwin for deliberate indifference to his conditions of confinement. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Thus, Count 1 will proceed against Lashbrook and Baldwin.

However, as to Lawrence, Plaintiff does not allege he was personally involved in the alleged constitutional violations. Therefore, Plaintiff's claim for monetary damages against Lawrence in Count 1 will be **DISMISSED without prejudice**. However, as Lawrence is the acting warden at Menard, he will remain in the case in his official capacity only for purposes of implementing any injunctive relief Plaintiff might obtain in this case.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 2**

To state a claim for retaliation under the First Amendment, a plaintiff must demonstrate that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). The relevant question is whether the plaintiff experienced an adverse action that would deter a person of "ordinary firmness" from engaging in First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *See McKinley v. Schoenbeck*, 731 F. App'x. 511, 515 (7th Cir. 2018) (quoting *Surita v. Hyde*, 665 F.3d 860, 878-79 (7th Cir. 2011)); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

Although Plaintiff believes he was moved to North 2 as punishment for complaining and filing grievances, he fails to make allegations suggesting that any of the named defendants were responsible for the move or moved him in retaliation. Accordingly, Count 2 will be **DISMISSED without prejudice** for failure to state a claim.

**Disposition**

**IT IS HEREBY ORDERED** that Count 1 will proceed against Jacqueline Lashbrook and John Baldwin but is **DISIMSSED without prejudice** as to Frank Lawrence (individual capacity) for failure to state a claim. Frank Lawrence (official capacity only) will remain in the case for purposes of implementing injunctive relief.

**IT IS FURTHER ORDERED** that Count 2 is **DISMISSED without prejudice** for failure to state a claim.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Jacqueline Lashbrook, John Baldwin, and Frank Lawrence (official capacity): (1) Form 5 (Notice of a Lawsuit

and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

The Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/22/2019**

> */s/ Staci M. Yandle*
> **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**